UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOUGLAS JONES, JR.,

      Plaintiff,

v.

UNKNOWN PARTY #1,
UNKNOWN PARTY #2, and
LOURIE OAKS,

      Defendants.
_____/

Case No. 1:23-cv-820

Hon. Hala Y. Jarbou

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by *pro se* plaintiff John Douglas Jones, Jr., of Muskegon, Michigan. For the reasons set forth below, this complaint should be dismissed.

**I.**     **Discussion**

*Pro se* plaintiff has filed a form "Complaint for Violation of Civil Rights" (ECF No. 1). The complaint's caption names two unknown defendants and Lourie Oakes, *i.e.*, "Tiffany, Ray and Lourie Oakes, et al." *Id*. at PageID.1. In the complaint, plaintiff lists the defendants as: "Tiffany et al." a specialist of Muskegon, Michigan; "Ray et al." a "Van Service" of Muskegon, Michigan; and "Lourie Oakes et al." the 3rd shift supervisor at EPI Breads of Muskegon, Michigan. *Id*. at PageID.2-3.

While plaintiff states that this is a § 1983 claim, that defendants are "[s]tate or local officials," and that he is suing each defendant in their individual and official capacities, *id*., he does not allege any facts which identify defendants as state or local officials. Rather, reading the

complaint broadly, "Tiffany" appears to be an employee at Goodwill, "Ray" appears to operate a van service, and Lourie Oakes works at EPI Bread.

In identifying the basis for a civil rights claim under 42 U.S.C. § 1983, plaintiff identifies the following "federal constitutional or statutory right(s)" which are "being violated by state or local officials": "cite: 49 CFR 37 and wrongful termination; U.S. Const. 14th Amend and contract law[.]" *Id*. at PageID.3.[1]

Plaintiff alleged that the incidents occurred at "861 Williams St, Muskegon, MI 49442" on the following dates, "(Thursday) June 22, 2023 at 10:00 pm; (Friday) June 23, 2023 at 9:00 pm and (Sunday) June 25, 2023 at 9:00 pm[.]" *Id*. at PageID.4.  Plaintiff alleged the following claim (in his words):

> Tiffany at Goodwill/Food Temp gave me a job at EPI Bread with a van service called Ray.  On Thursday showed up late.  On Friday didn't show up.  On Sunday didn't show up.  Plaintiff called, left message no response.  Plaintiff informed 3rd shift supervisor Lourie Oakes by text[.]  She in turn fired Plaintiff and emailed Tiffany told her to terminate Plaintiff's employment for No call/No show.  When Plaintiff texted and Lourie Oakes responded back on Sunday June 25, 2023, Plaintiff was terminated from work for someone else neglect.

*Id*.

> Injuries Plaintiff endured, "Loss of Wages; Loss of Time at work/Job; Loss of good attendance record; Loss of violation of rights; Loss of Job Opportunity through Goodwill/Good Temp; Loss of self esteem; Loss of Dignity; Denied equal protection of the laws.

*Id*. at PageID.5.

Plaintiff seeks $3 million in damages as follows:

> Actual damages in the amount of $500,000.00 dollars and punitive damages in the amount of $2,500,000.00 dollars.  Damages amount are due to damages Plaintiff suffered is irreparable and cannot be repaired.  Also basis for these damages is the violation of cite: 49 CFR 37.

---

[1] 49 C.F.R. § 37 addresses "Transportation Services for Individuals with Disabilities (ADA)."

2

*Id*.

The Court allowed plaintiff to file this action *in forma pauperis* pursuant to § 1915. *See* Order (ECF No. 5). For that reason, it must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted[.]" In determining whether a complaint should be dismissed for failure to state a claim under § 1915(e)(2)(B)(ii), the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004). Thus,

a complaint based upon "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief.  *See Iqbal*, 556 U.S. at 678.

While plaintiff's complaint is purportedly brought under § 1983, he does not allege any action against a state or local official. Plaintiff's complaint appears to allege a wrongful termination action against one or two private employers (Goodwill/GoodTemp and EPI Bread) and their respective employees (Tiffany and Lourie Oakes) because he was terminated as a "no call/no show."  Plaintiff may be alleging that "Ray" of the van service, breached a contract because he was late or failed to arrive to transport plaintiff, although that is not entirely clear from his cryptic complaint.  In the end, plaintiff fails to allege sufficient factual matter to state a federal claim to relief that is plausible on its face.  Plaintiff's complaint consists of nothing more than "an unadorned, the – defendant[s] - unlawfully - harmed - me accusation" which is insufficient to state a claim for relief.  *Id*.  Accordingly, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    RECOMMENDATION

For these reasons, I respectfully recommend that plaintiff's complaint be **DISMISSED**.

Dated:  August 7, 2023         /s/ Ray Kent
                               RAY KENT
                               U.S. Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).